Sally A. Odegard, Esq. (011646)  (sodegard@hoklaw.com)
**HOLLOWAY ODEGARD & KELLY, P.C.**
3020 E. Camelback Road, Suite 201
Phoenix, Arizona 85016           (46.120)
Phone:       (602) 240-6670
Facsimile:   (602) 240-6677

Attorneys for Defendant Ashley Furniture Industries, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abbie G. Brown,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Compass Recovery Group, LLC and Ashley Furniture Industries, Inc.,<br><br>　　　　Defendants. | Case No: 2:20-cv-00621-DJH<br><br>**DEFENDANT ASHLEY FURNITURE INDUSTRIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Ashley Furniture Industries, Inc. ("Ashley") by and through its counsel undersigned and for its answer to Plaintiff's Complaint alleges:

## NATURE OF THE ACTION

1.　Answering paragraph 1 of Plaintiff's Complaint, Ashley is without information sufficient to admit the allegations and, therefore, the same are denied.

2.　Answering paragraph 2 of Plaintiff's Complaint, Ashley admits that Plaintiff alleges breach of contract against Ashley, but denies all remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

3.　Answering paragraph 3 of Plaintiff's Complaint, Ashley denies the allegations contained therein.

4.　Answering paragraph 4 of Plaintiff's Complaint, Ashley admits that venue is proper in Arizona, but denies all remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Answering paragraph 5 of Plaintiff's Complaint, Ashley is without knowledge or information as to the allegations contained therein and, therefore, the same are denied.

## PARTIES

6. Answering paragraph 6 of Plaintiff's Complaint, Ashley is without knowledge or information as to the allegations contained therein and, therefore, the same are denied.

7. Answering paragraph 7 of Plaintiff's Complaint, Ashley is without knowledge or information as to the allegations contained therein and, therefore, the same are denied.

8. Answering paragraph 8 of Plaintiff's Complaint, Ashley admits that it sells furniture but denies the remaining allegations contained therein.

9. Answering paragraph 9 of Plaintiff's Complaint, Ashley is without knowledge or information as to the allegations contained therein and, therefore, the same are denied.

## FACTS SUPPORTING CAUSES OF ACTION

10. Answering paragraph 10 of Plaintiff's Complaint, Ashley admits that Plaintiff purchased certain furniture from Ashley Furniture, but denies all remaining allegations contained in paragraph 10 of Plaintiff's Complaint

11. Answering paragraph 11 of Plaintiff's Complaint, Ashley admits that the furniture purchased from Ashley Furniture was delivered to Plaintiff and that she alleged certain damage.  All remaining allegations contained in paragraph 11 of Plaintiff's Complaint are hereby denied.

12. Answering paragraph 12 of Plaintiff's Complaint, Ashley denies the allegations contained therein.

13. Answering paragraph 13 of Plaintiff's Complaint, Ashley admits that it sent repairmen out to make certain repairs to the furniture purchased by the Plaintiff, but denies all remaining allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Answering paragraph 14 of Plaintiff's Complaint, Ashley admits that Plaintiff made complaints about her furniture even after it had been properly and completely repaired. All remaining allegations contained in paragraph 14 of Plaintiff's Complaint are hereby denied.

15. Answering paragraph 15 of Plaintiff's Complaint, Ashley is without knowledge or information as to the allegations contained therein and, therefore, the same are denied.

16. Answering paragraph 16 of Plaintiff's Complaint, Ashley denies all allegations contained therein.

17. Answering paragraph 17 of Plaintiff's Complaint, Ashley denies all allegations contained therein.

18. Answering paragraph 18 of Plaintiff's Complaint, Ashley is without knowledge or information as to the allegations contained therein and, therefore, the same are denied.

19. Answering paragraph 19 of Plaintiff's Complaint, Ashley is without knowledge or information as to the allegations contained therein and, therefore, the same are denied.

20. Answering paragraph 20 of Plaintiff's Complaint, Ashley is without knowledge or information as to the allegations contained therein and, therefore, the same are denied.

21. Answering paragraph 21 of Plaintiff's Complaint, Ashley is without knowledge or information as to the allegations contained therein and, therefore, the same are denied.

22. Answering paragraph 22 of Plaintiff's Complaint, Ashley is without knowledge or information as to the allegations contained therein and, therefore, the same are denied.

23. Answering paragraph 23 of Plaintiff's Complaint, Ashley is without knowledge or information as to the allegations contained therein and, therefore, the same are denied.

24. Answering paragraph 24 of Plaintiff's Complaint, Ashley denies all allegations contained therein.

25. Answering paragraph 25 of Plaintiff's Complaint, Ashley denies all allegations contained therein.

26. Answering paragraph 26 of Plaintiff's Complaint, Ashley denies all allegations contained therein.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(Against Compass)**

27. Answering paragraph 27 of Plaintiff's Complaint, Ashley realleges its answers and denials set forth in paragraphs 1-26 above as if fully set forth herein.

28. Answering paragraph 28 of Plaintiff's Complaint, the allegations contained in this Count and paragraph appear to be raised against Co-defendant Compass only. To the extent any of these allegations contained in paragraph 28 of Plaintiff's Complaint are intended to be brought against Ashley, the same are hereby denied.

29. Answering paragraph 29 of Plaintiff's Complaint, the allegations contained in this Count and paragraph appear to be raised against Co-defendant Compass only. To the extent any of these allegations contained in paragraph 29 of Plaintiff's Complaint are intended to be brought against Ashley, the same are hereby denied.

30. Answering paragraph 30 of Plaintiff's Complaint, the allegations contained in this Count and paragraph appear to be raised against Co-defendant Compass only. To the extent any of these allegations contained in paragraph 30 of Plaintiff's Complaint are intended to be brought against Ashley, the same are hereby denied.

31. Answering paragraph 31 of Plaintiff's Complaint, the allegations contained in this Count and paragraph appear to be raised against Co-defendant Compass only. To

the extent any of these allegations contained in paragraph 31 of Plaintiff's Complaint are intended to be brought against Ashley, the same are hereby denied.

32. Answering paragraph 32 of Plaintiff's Complaint, the allegations contained in this Count and paragraph appear to be raised against Co-defendant Compass only. To the extent any of these allegations contained in paragraph 32 of Plaintiff's Complaint are intended to be brought against Ashley, the same are hereby denied.

33. Answering paragraph 33 of Plaintiff's Complaint, the allegations contained in this Count and paragraph appear to be raised against Co-defendant Compass only. To the extent any of these allegations contained in paragraph 33 of Plaintiff's Complaint are intended to be brought against Ashley, the same are hereby denied.

34. Answering paragraph 34 of Plaintiff's Complaint, the allegations contained in this Count and paragraph appear to be raised against Co-defendant Compass only. To the extent any of these allegations contained in paragraph 34 of Plaintiff's Complaint are intended to be brought against Ashley, the same are hereby denied.

35. Answering paragraph 35 of Plaintiff's Complaint, the allegations contained in this Count and paragraph appear to be raised against Co-defendant Compass only. To the extent any of these allegations contained in paragraph 35 of Plaintiff's Complaint are intended to be brought against Ashley, the same are hereby denied.

36. Answering paragraph 36 of Plaintiff's Complaint, the allegations contained in this Count and paragraph appear to be raised against Co-defendant Compass only. To the extent any of these allegations contained in paragraph 36 of Plaintiff's Complaint are intended to be brought against Ashley, the same are hereby denied.

37. Answering paragraph 37 of Plaintiff's Complaint, the allegations contained in this Count and paragraph appear to be raised against Co-defendant Compass only. To the extent any of these allegations contained in paragraph 37 of Plaintiff's Complaint are intended to be brought against Ashley, the same are hereby denied.

38. Answering paragraph 38 of Plaintiff's Complaint, the allegations contained in this Count and paragraph appear to be raised against Co-defendant Compass only. To

the extent any of these allegations contained in paragraph 38 of Plaintiff's Complaint are intended to be brought against Ashley, the same are hereby denied.

39. Answering paragraph 39 of Plaintiff's Complaint, the allegations contained in this Count and paragraph appear to be raised against Co-defendant Compass only. To the extent any of these allegations contained in paragraph 39 of Plaintiff's Complaint are intended to be brought against Ashley, the same are hereby denied.

40. Answering paragraph 40 of Plaintiff's Complaint, the allegations contained in this Count and paragraph appear to be raised against Co-defendant Compass only. To the extent any of these allegations contained in paragraph 40 of Plaintiff's Complaint are intended to be brought against Ashley, the same are hereby denied.

41. Answering paragraph 41 of Plaintiff's Complaint, the allegations contained in this Count and paragraph appear to be raised against Co-defendant Compass only. To the extent any of these allegations contained in paragraph 41 of Plaintiff's Complaint are intended to be brought against Ashley, the same are hereby denied.

**COUNT II – BREACH OF CONTRACT**
**(Against Ashley)**

42. Answering paragraph 42 of Plaintiff's Complaint, Ashley realleges its answers and denials set forth in paragraphs 1-41 above as if fully set forth herein.

43. Answering paragraph 43 of Plaintiff's Complaint, Ashley admits that Plaintiff arranged certain financing for the purchase of furniture, but denies all remaining allegations contained in paragraph 43 of Plaintiff's Complaint.

44. Answering paragraph 44 of Plaintiff's Complaint, A.R.S. § 47-2314 stands for itself.

45. Answering paragraph 45 of Plaintiff's Complaint, Ashley denies all allegations contained therein.

46. Answering paragraph 46 of Plaintiff's Complaint, Ashley denies all allegations contained therein.

47. Answering paragraph 47 of Plaintiff's Complaint, Ashley denies all allegations contained therein.

48. All remaining allegations contained in Plaintiff's Complaint not previously admitted or qualified are denied.

**AFFIRMATIVE DEFENSES**

49. So that the same are not waived should information come to light to support them, Defendant Ashley Furniture raises any and all affirmative defenses contained in FRCP Rules 8 and 12, any of which could bar or reduce Plaintiff's recovery herein proved.

50. Ashley raises the affirmative defense of Plaintiff's failure to mitigate her damages.

51. Plaintiff's Complaint fails to state a claim upon which relief may be granted and, therefore, should be dismissed.

52. Ashley raises the affirmative defenses of satisfaction and accord, and first material breach by the Plaintiff.

53. Ashley raises the affirmative defenses of release, waiver, estoppel and/or laches.

**WHEREFORE** having fully answered Plaintiff's Complaint, Defendant Ashley Furniture requests that the same be dismissed that Plaintiff take nothing thereby and that Defendant Ashley Furniture has and recovers its costs, attorneys' fees and any other remedies afforded under federal law and as this court deems just.

DATED this 28th day of May, 2020.

**HOLLOWAY ODEGARD & KELLY, P.C.**

By *s/Sally A. Odegard*
Sally A. Odegard
3020 E. Camelback Road, Suite 201
Phoenix, Arizona 85016
*Attorneys for Defendant Ashley Furniture Industries, Inc.*

7

**CERTIFICATE OF SERVICE**

I certify that on this 28th day of May, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Eric D. Coleman
SULAIMAN LAW GROUP
2500 South Highland Avenue, Suite 200
Lombard, Illinois 6048
ecoleman@sulaimanlaw.com

/s/ K. Buensalido